MANDARIN COMPANY, Appellant, vs. TOY, Respondent.

*November 18, 1920—March 8, 1921.*

*Landlord and tenant: Oral agreement by lessor to furnish heat and electricity: Revocation on notice to lessee.*

Where a lease expressly exempted the landlord from furnishing the tenant electric and heat service, and an oral agreement under which he furnished it for a time to the tenant stipulated no definite period and the tenant was put to no expense in continuing to use it, such executory oral agreement, being revocable at will on reasonable notice, cannot be made the basis for a continuing duty on the part of the landlord to furnish electricity and heat.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action by a tenant to restrain the defendant, its landlord, from ceasing to furnish it electricity and heat. The court entered an order refusing to grant a temporary injunction, and from such order the plaintiff appealed.

For the appellant there was a brief by *Gugel & Kline* of Milwaukee, and oral argument by *F. H. Gugel.*

For the respondent there was a brief by *Stover & Stover* of Milwaukee, and oral argument by *Daniel G. Stover* and *James H. Stover.*

The following opinion was filed December 14, 1920:

VINJE, J.   October 2, 1916, plaintiff leased the north one-half and the sixth floor of a building from defendant for a term of sixty years.   The lease contained the following provisions: "Lessor agrees to furnish lessee cold water for use in the said premises, but no hot water, steam, electricity, gas, compressed air, or heat."   At the time the lease was entered into, the building was heated and lighted by pipes and wires installed in the building and connected with an electric company's service.   About a month after the lease was made plaintiff negotiated with the electric company for heat and light but found it would cost more than through the defendant's system, so an oral agreement was entered into between them whereby defendant was to furnish heat and light but for no definite length of time. Plaintiff was not called upon to make any investment in fixtures or otherwise by reason of continuing to take heat and light under the oral agreement.

October 6, 1919, the defendant gave plaintiff notice that he would discontinue electric service October 31, 1919, and that heat service would be discontinued November 30, 1919, and gave the tenant permission to make necessary changes in building to install new electric and heat service.   It seems that plaintiff was in arrears on its payments for heat and light service, and that by reason of plaintiff having partitioned the sixth floor into offices much more heat was needed, more than the defendant could furnish with his equipment.   Plaintiff claims defendant had no right to discontinue heat and light service.   In view of the express conditions of the lease exempting him from furnishing such service he cannot be compelled to do so by virtue of the lease.   The oral agreement being executory, and plaintiff having been to no expense in continuing to use it, cannot be made the basis for the duty.   Such agreement was revocable at will upon giving reasonable notice.   It is not claimed or shown that the notice given was not reasonable.

The trial court therefore properly refused to grant a temporary injunction.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on March 8, 1921.